LOVE, SUPERINTENDENT OF BANKS, *v.* MURRY, STATE
TREASURER.*

(En Banc.   June 2, 1924.)

[100 So. 277.   No. 24071.]

BANKS AND BANKING. *State funds deposited in bank which has not
qualified as depository protected by guaranty fund.*
Money belonging to the state, deposited in a bank which has not
qualified as a state depository, is protected by the state bank
guaranty fund.

---

*Headnote 1.   Banks and Banking, 7 C. J., section 15 (1925 Anno).

APPEAL from chancery court of Coahoma county.
HON. C. L. LOMAX, Chancellor.
Action between J. S. Love, Superintendent of Banks,
and W. M. Murry, State Treasurer.   From judgment
rendered, the former appeals.   Affirmed.

*Flowers & Brown* and *C. L. Hester,* for appellant.

I.   We have several special laws dealing with deposits
in banks, all of them dealing expressly and exclusively
with public funds.   The oldest of these and the most
important is section 3485 of the Code of 1906.   This
statute has been developed by our courts to the point
where it makes a claim for public funds a charge against
all the assets of a bank.   Not only has this court held
that this statute is unaffected by subsequent statutes, but
the legislature, in 1922, amended it so as to provide for
its full operation in cases where a bank is closed by the
state banking department.   Laws 1922, chapter 177.   And
it should be noted that the legislature in this amendment,
said not a word about guaranty certificates.   And this 1922
amendment provides for a distribution of collections di-
rectly at variance with and wholly independent of the
provisions of sections 36 and 60 of the Banking Act.   The
public fund claims are required to be paid in a manner
entirely different from that in which certificates of guar-
anty are required to be paid.

This trust fund statute, section 3077 of the Code of 1892 (section 3485, Code of 1906), now chapter 177 of the Laws of 1922, has all these years been quite active and useful. Every legislator presumably knew about it. It was for at least sixteen years our statutory protection for public funds in banks. And it was quite sufficient protection. That it was a much used law is clear from the frequency with which it has been before the courts, its strength being increased every time the court touched it. *Fogg* v. *Hebdon,* 80 Miss. 750; *Metcalf* v. *Bank,* 41 So. 377, 89 Miss. 649; *Bank* v. *Hardy,* 53 So. 395, 97 Miss. 755; *Green* v. *Cole,* 54 So. 65, 98 Miss. 67; *Fidelity, etc., Co.* v. *Bank,* 60 So. 47, 103 Miss. 91; *Potter* v. *Fidelity, etc., Co.,* 58 So. 713, 101 Miss. 823; *Powell* v. *Tunica Co.,* 65 So. 499, 107 Miss. 410; *Fidelity, etc., Co.* v. *Wilkinson,* 89 So. 865, 109 Miss. 879; *Bank of Commerce* v. *Clark,* 75 So. 595, 114 Miss. 850; *Bank* v. *City of Gulfport,* 78 So. 519, 117 Miss. 591; *Jourden* v. *Bennett,* 81 So. 239, 119 Miss. 576; *Board of Levee Com.* v. *Powell,* 109 Miss. 415.

The state, as far as its deposits or other public deposits are involved, refuses to take its place along with depositors in general. These latter may have to wait for the due and orderly liquidation and take their dividends, all being treated alike. The cash on hand may be needed to save other assets and to promote the successful liquidation. Depositors in general must submit to this as being best for them all. But the state directs that as to the depositors of public money, when cash is collected it must be turned over at once, and if this is not done, application can be made to the chancellor to require it to be done—not to pay certificates, but to pay the claims of public depositors in cash.

II. The Banking Act. Section 38, chapter 124, Laws of 1914, reads: "All deposits not otherwise secured shall be guaranteed by this act, etc."

We have a general statute apparently covering the entire subject and special statutes covering parts of the same subject. We have a general law, which, standing

alone, would appear to be sufficient in itself for all purposes, and special statutes, each of which, standing alone, would appear to be in itself sufficient for its special purpose and for the protection of deposits of the kind dealt with by it. Where a special statute deals with part of a subject covered by a subsequent general statute, the first inquiry always is, ''Does the general repeal or supplant the special?'' But this question has already been answered in the negative in this instance by this court. *Bank of Commerce* v. *Clark*, 114 Miss. 850, 75 So. 395.

So we have the question of statutory construction where a general law is in question and special laws dealing with parts of the general subject are also in operation at the same time. For the rule applicable for the solution of the problem, see 26 A. & E. of L. page 739; *Rogers* v. *U. S.* (a claim of an army officer for salary), 185 U. S. 86, 46 L. Ed. 816, 818, 819; Black on Interpretation of Laws, 116; Sedgwick on the Construction of Statutory and Constitutional Law, page 98; *Crane* v. *Reeder*, 22 Mich. 232, 234; Maxwell on the Interpretation of Statutes (6 Ed.), 313; Section 247, Lewis Sutherland on Statutory Construction, (2nd Ed. Vol. 1); *Edwards* v. *Sdt. General*, 161 Mich. 639; *State Inf., Attorney General* v. *Inhoff*, 238 S. W. 122; *Jackson* v. *Cravens*, (C. C. A. 5th Cir. 1916) 238 Fed. 117; *U. S.* v. *Lapp* (C. C. A. 6th Cir. 1917), 244 Fed. 377; *Stonebehr* v. *Morgan* (C. C. A. 8th Cir. 1922), 246 Fed. 98.

This court gave the reason in substantially the same language in *Madison County* v. *Stewart*, 20 So. 857, 858, 74 Miss. 160. Section 3485 has been in force since 1892 and was amended by the legislature of 1922. It has been recognized by the legislature and held by this court to be in force. It has not been repealed or in anywise limited in its operation by the Act of 1914. It covers a part of the subject dealt with by section 38 of the Banking Act.

The Depository Laws are also in effect and unimpaired in their operation by the Banking Law. They

deal with a part of the subject covered by the Banking Act.

III. We have found no instance where the state undertook to exercise its police power for the protection of its own individual interests. The police power is used for the benefit of the citizens of the state. It extends to questions of public health, public morals, public order and public safety and convenience. But it is exercised for the benefit of the citizens as such and not for the benefit of the state as such.

To get this question squarely before the court, we suggest that the court consider how this present guaranty statute would appear if it provided exclusively for the guaranteeing of public deposits. Could it be upheld as an exercise of police power? Suppose this guaranty fund made up from enforced contributions from all the banks could be used only to reimburse the state and its subdivisions for losses of public money. Could it be upheld in that shape? If not, why not? The answer, we submit, is that it could not be upheld because it could not be justified as an exercise of police power. The state would be compelling citizens to make contributions for its own benefit and not for the benefit of the public.

IV. In the handling of public deposits here the state is in control of the deposits themselves. The officers who handle the funds act under statutory restrictions. The state has the power to say where the money shall be put—in a safe, or in a bank. And if in a bank, it can say what bank and under what restrictions it may be put in a bank. It requires its officers to make bonds for the protection of the money coming into their hands. These bonds may be whatever the state says they ought to be. The state has the power thus to require every dollar of its funds to be in safe hands protected and safeguarded by whatever means the sovereign may see fit to require.

V. *As to making the general and special acts, both operate upon the same deposit.* Opposing counsel insist that the effect of the chancellor's decision is that section 3485 will be enforced for the protection of public deposits and then whatever remains unpaid, after the remedy is exhausted, must be paid out of the guaranty fund; that the trust claim may be used to exhaust the assets of the failed bank and then the Banking Act takes up the case and does the rest. But where does the necessity arise in this matter to adopt such an unusual and unique construction of the law? The rule of statutory construction we have emphasized in this brief, would have no value in most instances, if the special may operate along with the general and one of them take up where the other leaves off. The legislature is not presumed to have taken two bites at the same cherry. When it directs its attention to the specific subject it is supposed to speak its mind on that subject and say all it has to say.

*Green, Green, & Potter* and *Cassedy & Potter,* for appellee.

The only question presented is whether or not money belonging to the state of Mississippi, deposited in a bank which has not qualified as a state depository is protected by the state bank guaranty fund.

In the case of *Wardlaw* v. *Planters Bank of Clarksdale,* 95 So. 135, this court held, on exactly the same facts, except the public funds in that case were municipal funds and not state funds, that the guaranty fund was chargeable with losses. The Wardlaw case is not merely a similar case, but is exactly the same case growing out of the same failure, the only difference being that in the case at bar state funds are involved and in the Wardlaw case municipal funds were involved. It is true the Wardlaw case was decided by an equally divided bench. Nevertheless as long as that case is not overruled, the

135 Miss.—48.

principles there enunciated will be followed by this court.

In *Robertson* v. *Mississippi Valley Company,* 81 So. 799, this court held that a decision by an evenly divided court is a judicial precedent and must be followed.

In addition to what we have already stated we will only call the attention of the court to the fact that since the Wardlaw case was decided, the legislature has met and the statute has in no wise been amended with respect to the rights of public funds to participate in the guaranty fund.

*Flowers & Brown* and *C. L. Hester,* for appellant, in reply.

The decision in the *City of Clarksdale case,* 95 So. 135, 131 Miss. 95, is inapplicable. Counsel fail to recognize upon what delicate ground we are standing when we propose to take private property without paying for it. We are not dealing with the assets of a failed bank, but with the direct debtor of direct creditors. It is proposed here to so construe this statute as to allow the taking under it of the property of innocent banks to pay the debts of other banks. Ordinarily B is not liable for the debts of A. Here the state is undertaking to make B pay debts which A owes to it, the state. The state is doing this in the exercise of its police power. It is also true that the state does not ordinarily, if it has the power to do it at all, try to use this inherent power in its own behalf. *Columbia Bank* v. *U. S. F. & G. Company,* 126 Pac. 561. In fact, we have found no instance where the state has tried to use its police power for its direct personal interest. See *C. B. & Q. Railway Co.* v. *State of Illinois,* 200 U. S. 561, 50 L. Ed. 596. The police power is exercised in behalf of the citizens of the state. *Columbia Bank case, supra; Lovett* v. *Langford,* 55 L. Ed. 123; *Dennis* v. *Bank Commissioner,* 214 Pac. 1074; *U. S. F. & G. Co.* v. *State,* 168 Pac. 234, 235. See, especially, *In*

*Re Dennis, State Bank Commissioner* (1923), 214 Pac. 1074.

The reasons we are urging here were not urged upon the court on the former hearing. Of course, the city of Clarksdale has got its certificates. And no change in the decision can affect it. But even if the proposition were exactly the same as was presented in the other case, that is, if this appellee were a maunicipality, we would insist. that the construction of the statute is still open to consideration. No property rights have become vested on the strength of the other decision. We have not here the same proposition. The state is not a municipality. The state has control of its own funds. It has no control of the funds of a municipality. The latter adopts its own regulations, controls its own money and its own officers.

Argued orally by *J. N. Flowers,* for appellant, and *Clayton D. Potter,* for appellee.

HOLDEN, J., delivered the opinion of the court.

The only question involved in this case is whether or not money belonging to the state of Mississippi, deposited in a bank which has not qualified as a state depository, is protected by the state bank guaranty fund.

The identical question was decided by this court recently in *Wardlaw* v. *Planters' Bank of Clarksdale,* 131 Miss. 93, 95 So. 135, in which it is held that the funds of a municipality in such a case are protected by the state bank guaranty fund. The same rule applies here, and we decline to overrule the Wardlaw case; therefore the judgment of the lower court is affirmed.

*Affirmed.*